IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH YAEGER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUBARU OF AMERICA, INC., *a New Jersey Corporation*, et al., <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 14-4490 (JBS/KMW) <br><br> **ORDER GRANTING PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT** |

This matter comes before the Court by way of Plaintiffs' unopposed motion for preliminary approval of a class action settlement [see Docket Item 49]; and the Court finding, solely for purposes of the Settlement, that the Proposed Class meets the requirements for certification pursuant to Federal Rule of Civil Procedure 23(a) and that the proposed Class Settlement (hereinafter, the "Settlement Agreement") falls within the realm of reasonableness (subject to further consideration at the Final Approval Hearing described below), for the reasons set forth in Plaintiffs' brief and Defendants' informal response [Docket Items 49-1 & 51] and on the hearing record of January 19, 2016; and for other good cause shown pursuant to Federal Rule of Civil Procedure 23(e),

IT IS this **19th** day of **January**, **2016,** hereby

**ORDERED** that this Order incorporates by reference the definitions set forth in the Settlement Agreement, and intends

that the terms used in this Order have the same meanings as ascribed in the Settlement Agreement; and it is further

**ORDERED** that Plaintiffs' unopposed motion for preliminary approval of a class action settlement [Docket Item 49] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the Court preliminarily approves the Settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below; and it is further

**ORDERED** that the Court preliminary finds, solely for purposes of the Settlement, that (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 23, the Court grants preliminary certification of the following class for settlement purposes:

> All residents of the continental United States who currently own or lease, or previously owned or leased, a Settlement Class Vehicle originally purchased or leased in the continental United States, including Alaska.  Excluded from the Settlement Class are Subaru, Subaru's employees, employees of Subaru's affiliated companies, Subaru's officers and directors, dealers that currently own Settlement Class Vehicles, all entities claiming to be subrogated to the rights of Settlement Class Members, issuers of extended vehicle warranties, and any Judge to whom the Litigation is assigned.

**ORDERED** that the Court will conduct a final fairness hearing (hereinafter, "Final Hearing") at **10:00 A.M. on Tuesday, July 26, 2016**, in Courtroom 4A of the United States District Court for the District of New Jersey, Camden Division, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, to determine whether the proposed Settlement should be approved as fair, reasonable and adequate, whether a judgment should be entered approving such Settlement, and whether Class Counsel's application for attorneys' fees and for service awards to the class representatives should be approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members; and it is further

**ORDERED** that the Court appoints Matthew Schelkopf of Chimicles & Tikellis LLP, Richard McCune of McCuneWright LLP, and Eric Gibbs of Girard Gibbs LLP as Class Counsel for the Settlement Class; and it is further

**ORDERED** that the Court preliminarily approves the content and substance of the Class Notice (Exhibit C to the Settlement Agreement) for distribution to the Settlement Class, subject to the technical modifications discussed on the hearing record of January 19, 2016, and finds that the mailing of the Class Notice in the manner and form set forth in the Agreement, and the internet notice, satisfies due process, and that the procedures approved herein constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to such Class Notice:

   a. Subaru shall send Notice as required under the Class Action Fairness Act ("CAFA") within **ten (10) days** after the date on which the Plaintiffs' Motion for Preliminary Approval of the Settlement is filed.

   b. Within **one hundred (100) days** after entry of the Preliminary Approval Order, Subaru shall cause the Class Notice to be disseminated to Settlement Class Members in the form and manner set forth in the Agreement. The Court authorizes the Parties to make non-material modifications to the Class Notice prior to publication if they jointly agree that any such changes are necessary under the circumstances.

   c. Subaru shall also – at its expense – provide a toll-free number with live operators to field questions from

        Settlement Class Members; set up a dedicated website that will include the notice, claim form, Settlement Agreement and other relevant materials; and notify its dealers of the Settlement.

d. No later than **ten (10) days** before the Fairness Hearing, Subaru shall file with the Court a declaration setting forth the details of the notice provided pursuant to this Order and the Settlement Agreement; and it is further

    **ORDERED** that the Court approves the content and substance of the Claim Form (Exhibit E to the Settlement Agreement) for distribution to the Settlement Class; and it is further

    **ORDERED** that if Settlement Class Members do not wish to participate in the Settlement Class, Settlement Class Members may exclude themselves by filling out and returning the Request for Exclusion Form (Exhibit G to the Settlement Agreement).  All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing and postmarked on or before **forty-five (45) days** after the last mailing of class notice; and it is further

    **ORDERED** that if a Settlement Class Member wishes to be excluded from the Settlement Class, the Settlement Class Member's written Request for Exclusion shall state in writing (a) the Settlement Class Member's full name, current address and telephone number; (b) the model, model year, date of acquisition and vehicle

5

identification number of the Settlement Class Vehicle; and (c) specifically and unambiguously state in writing his or her desire to be excluded from the Settlement Class and election to be excluded from any judgment entered pursuant to the settlement. No Request for Exclusion will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendants; and it is further

**ORDERED** that any Settlement Class Member who has not previously submitted a Request for Exclusion in accordance with the terms of this Agreement may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved. However, in order to be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it on the Court's electronic filing system <u>or</u> mail it to the Clerk, United States District Court of Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101, Attn: Chief Judge Jerome B. Simandle, and to Class Counsel and Defendants' Counsel, along with a notice of intention to appear at the Fairness Hearing ("Notice

of Intention to Appear"), not less than **twenty (20) days** before the Final Hearing; and it is further

**ORDERED** that to state a valid objection to the Settlement, an objecting Settlement Class Member must: (a) set forth the objector's full name, current address, and telephone number; (b) the model, model year, date of acquisition and vehicle identification number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); (c) state that the objector has reviewed the Settlement Class definition and understands in good faith that he or she is a Settlement Class Member; (d) include a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (e) include copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; (f) state whether the Settlement Class Member complained to Defendants or a Subaru dealer about Oil Consumption or has had any Oil Consumption related repairs and, if so, provide evidence of any such complaint or repairs; and (g) provide a list of all proposed class action settlements they objected to in the last 5 years, if any; and it is further

**ORDERED** that, in addition to providing a copy of the objection to the Court, objections must also be mailed to each of

the following, postmarked at least **twenty (20) days** before the scheduled date of the Final Hearing: Matthew D. Schelkopf, Chimicles & Tikellis, LLP, 361 West Lancaster Avenue, Haverford, PA 19041; and Michael R. Carroll, Ballard Spahr, LLP, 210 Lake Drive East, Suite 200, Cherry Hill, NJ 08002; and it is further

**ORDERED** that any Settlement Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived such objections and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement and the judgment approving the Settlement; and it is finally

**ORDERED** that Settlement Class Members shall have **sixty (60) days** after Final Approval of the Class Action Settlement to submit claim forms. Claim forms must be postmarked by that date to be considered timely.

                                               **s/ Jerome B. Simandle**
                                               JEROME B. SIMANDLE
                                               Chief U.S. District Judge